Smulyan v New York Liquidation Bur. (2018 NY Slip Op 00894)





Smulyan v New York Liquidation Bur.


2018 NY Slip Op 00894


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Kapnick, Moulton, JJ.


102021/15 -5638 5637 5636

[*1]Ira Smulyan, Plaintiff-Appellant, 
v
New York Liquidation Bureau, et al., Defendants-Respondents.


Ira Smulyan, appellant pro se.
Jackson Lewis P.C., White Plains (Michael A. Frankel of counsel), for New York Liquidation Bureau, respondent.
Daren J. Rylewicz, Albany (Leslie C. Perrin of counsel), for Civil Service Employees Association, respondent.
Hite & Beaumont, P.C., Albany (John H. Beaumont of counsel), for Allen C. DeMarco, respondent.



Orders, Supreme Court, New York County (Shlomo Hagler, J.), entered April 19, 2016, which granted defendants' motions to dismiss the complaint as against them, unanimously affirmed, without costs.
The defamation claim against New York Liquidation Bureau (NYLB), plaintiff's former employer, and Civil Service Employees Association (CSEA), the union of which he was formerly a member, is time-barred to the extent it is based on alleged instances of defamation that occurred before November 13, 2014 — more than one year before plaintiff commenced this action (see CPLR 215[3]). To the extent it is based on an alleged instance of defamation that occurred within the limitations period, the claim is wholly speculative (see Dillon v City of New York , 261 AD2d 34, 38 [1st Dept 1999]). Plaintiff contends, based on nothing but conjecture, that the reason he did not receive a job offer from a third party that was considering him for employment is that the third party contacted NYLB for a reference, and NYLB defamed him.
The fraud claims against NYLB and Alan C. DeMarco, the chairperson of its Performance Appraisal Appeal Board, allege collusion in connection with a 2009 grievance proceeding and plaintiff's 2010 separation from employment. These claims were waived under the terms of a release executed by plaintiff on March 31, 2010, in connection with his separation from NYLB. The release provided that, in exchange for consideration, plaintiff released, among others, NYLB and its officers, employees and representatives "from any and all causes of action ... of any nature whatsoever, whether known or unknown," including "any claims arising out of or in connection with employment and/or termination of that employment," and "any claims for ... fraud."
The fraud claim against CSEA is based upon allegations that CSEA failed to properly represent plaintiff in 2009-10, during employee grievance and separation proceedings. This [*2]claim is duplicative of the claim for breach of the duty of fair representation, which, having been brought more than four months after plaintiff knew or should have known that the breach occurred, is untimely (CPLR 217[2][a]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK